## PEOPLE v JENKINS

1. CRIMINAL LAW—TRIAL—PROSECUTORS—QUESTIONING DEFENDANT—
   PRIOR CONVICTIONS—PREJUDICE.

   It was error for a prosecutor to question a defendant in a criminal action concerning a past misdemeanor conviction but such error was not prejudicial where the defendant answered that he was not convicted of the crime and the court ruled that the prosecutor was bound by the answer.

2. APPEAL AND ERROR—INSTRUCTIONS TO JURY—INADEQUATE INSTRUC-
   TIONS—PRESERVING QUESTION.

   A defendant may not complain on appeal that jury instructions were inadequate where his counsel was given ample opportunity at trial to object to the instructions and to request additional instructions, and counsel did neither.

Appeal from St. Joseph, Robert E. A. Boyle, J. Submitted June 7, 1976, at Grand Rapids. (Docket No. 24444.) Decided July 20, 1976.

Bernis C. Jenkins was convicted of receiving stolen property over the value of $100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James Noecker,* Prosecuting Attorney, and *John D. Lestock,* Assistant Prosecuting Attorney, for the people.

*Roger L. Wotila,* Assistant State Appellate Defender, for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 320 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

Before: R. B. BURNS, P. J., and M. J. KELLY and S. S. HUGHES,* JJ.

R. B. BURNS, P. J. Defendant was convicted of buying, receiving, or aiding in the concealment of stolen property worth more than $100, knowing said property to be stolen in violation of MCLA 750.535; MSA 28.803. Defendant appeals and we affirm.

The prosecution claimed that the defendant was in possession of a stolen 1967 van owned by an Ohio company. The defendant admitted that he was in possession of the van, but denied that he knew the van was stolen.

Defendant claims the prosecutor committed error by questioning him concerning a past misdemeanor conviction in violation of the rule enunciated in *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974). The prosecutor should not have questioned the defendant concerning his misdemeanor conviction and it was error. However, under the facts of this case, we do not think it was prejudicial error. The prosecutor asked the defendant: "Were you convicted in the District Court on this third floor for malicious destruction of property within the last two months?" The defendant answered: "As far as I know, I wasn't." The prosecutor pursued the answer, and the court intervened: "Just a minute. You're bound by his answer, he says that as far as he knows he was not, that's as far as I want you to go." The prosecutor: "Thank you, your Honor." The defendant was not prejudiced by the question.

Next the defendant claims the prosecutor erred by asking the defendant if he refused to waive extradition from Illinois to Michigan. The court

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

properly sustained defense counsel's objection to this question, and gave a curative instruction. Again, defendant was not prejudiced.

The defendant claims that the prosecutor's remark that he "concealed himself" after the accident was erroneous and reversible error. The record shows that after the accident the defendant left the scene and, in effect, did conceal himself from the police.

The other two issues raised by the defendant concern jury instructions. Defendant's attorney was given ample opportunity to object to the jury instructions and to request additional instructions. He did neither and cannot complain at this date.

Affirmed.